IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKY WAYNE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-719-R |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ____). The parties have briefed their positions, and the matter is now at issue. It is recommended that the Commissioner's decision be **AFFIRMED.**

### I. Procedural Background

Plaintiff's application for benefits was denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 21-31). The Appeals Council denied Plaintiff's request for review, thus the ALJ's decision became the final decision of the Commissioner. (TR. 1-4). This judicial appeal followed.

## II. The Administrative Decision

The Commissioner followed the sequential evaluation process required by agency regulations. See Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since January 1, 2010, the alleged disability onset date. (TR. 24). At step two, the ALJ determined Plaintiff has the following severe impairments: Degenerative Disk Disease with mild neuroforaminal stenosis and Chrohn's Disease. (TR. 24). At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 27).

At step four, the ALJ found Plaintiff could not perform any of his past relevant work. (TR. 29). The ALJ further found Plaintiff has the residual functional capacity (RFC) to perform a significant range of light work; lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk about 6 hours in an 8 hour workday; sit for about 6 hours in an 8 hour workday; occasionally climb ladders, ropes, scaffolds and stoop; frequently be able to balance, kneel, crouch and crawl; and, had no manipulative, visual, communicative or environmental limitations. (TR. 27-28). The ALJ further found that Plaintiff would need a stand/sit option and may require additional bathroom breaks during the workday. (TR. 28). At step five, the ALJ applied the Medical Vocational Rules as a framework for determining the existence of other work Plaintiff can do. (TR. 30-31). The ALJ found that Plaintiff's medical/vocational characteristics

matched the criteria of Section 204.00, thus the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (TR. 31-32). Accordingly, Plaintiff was found to be not disabled from the alleged onset date through the date of the ALJ's decision. (TR. 30-31).

### III. Issues Presented

Plaintiff did not set forth a particular error he alleges the ALJ made in determining he was not disabled. Instead, Plaintiff requests the court "take another look into [Plaintiff's] case." (ECF No. 16). He also describes various medical conditions that may have either deteriorated and/or worsened since the ALJ's decision, as well as conditions that have subsequently developed. (ECF No. 16).

### IV. Standard of Review

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

### V. Analysis

As noted, Plaintiff did not raise a specific issue for this Court to review on appeal. Instead, he merely asks this Court to review the decision in general. The undersigned is sympathetic to Plaintiff's *pro se* status. Additionally, the Court is required to construe his *pro se* filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the

Court cannot "construct arguments or theories for the plaintiff in the absence of any discussion of those issues," *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991), and it cannot address an issue that has been inadequately developed or argued on appeal. *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (holding that perfunctory complaints of error that fail to develop an issue are insufficient to invoke appellate review). *See also Holland v. Colvin*, No. CIV–14–184–R, 2015 WL 1003615, at *6 (W.D. Okla. March 5, 2015) ("The court is unable to address contentions for which a claimant fails to develop the factual and legal bases for his arguments. …. On judicial review, '"it is not our role to shore up [Plaintiff's] argument for him...."' (quoting *Chrismon v. Colvin*, 521 F. App'x 893, 896 (10th Cir. 2013)). Even a *pro se* party must clearly apprise the court why he believes a reversible error has been made and make a supporting argument for the same.

Plaintiff did state in his "Opening Brief," filed in July 2014, that he *may* have heart problems and was scheduled to see a doctor that same month. (ECF No. 16). He also indicated that he is going to have wrist and elbow surgery for carpel tunnel syndrome at some point in the future. (ECF No. 16). It does not appear, however, that this evidence would be relevant to the ALJ's decision in this matter. In order for a court to consider new medical evidence, "the proffered evidence must be relevant to the time period for which the benefits were denied." *Hargis v. Sullivan*, 945 F.3d 1482, 1493 (10th Cir. 1991). *See also Williams v. Barnhart*, 178 F. App'x 785, 792 (10th Cir. 2006) ("A remand is not appropriate in this case because the new evidence does not

demonstrate that the findings relate back to the period on or before the date of the ALJ's decision.").

While evidence related to either Plaintiff's potential heart condition and/or carpel tunnel syndrome might be relevant to a finding of disability, it does not establish that he was disabled at the time period relevant to the application at issue herein. *Johnson v. Apfel*, No. 00-6064, 2000 WL 1346214, at *3 (10th Cir. Sept. 19, 2000) (citing *Godsey v. Bowen*, 832 F.2d 443, 445 (7th Cir. 1987) (stating that evidence of deterioration in 1986 does not show that "it was otherwise than found at the administration hearing," held in 1983); *Sanchez v. Sec'y of Health & Human Servs.*, 812 F.2d 509, 512 (9th Cir. 1987) (stating that new evidence indicating deterioration after the hearing would be material to a new application, but is not probative of claimant's condition at the time of the hearing)). Accordingly, the undersigned recommends that the Commissioner's decision be affirmed.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **AFFIRMED.**

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such

objections should be filed with the Clerk of the District Court by **June 25, 2015**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir.2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on June 8, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE